IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

TERRY L. FINN,

                Defendant.

08-CR-   08 CR 132(A)



FILED
MAY 16 2008
CLERK, US DISTRICT COURT, WDNY

## PLEA AGREEMENT

The defendant, TERRY L. FINN, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and to plead guilty to a one-count Information charging him with a violation of Title 18, United States Code, Section 2422(a) (persuasion of a minor to travel in interstate commerce to engage in sexual activity for which any person can be charged with a criminal offense), for which the maximum possible sentence for each count is a term of imprisonment of 20 years, a fine of $250,000 or both, a mandatory $100 special assessment and pursuant to Title 18, United States Code, Section 3583(k), a term of supervised release of any term of years and up to life. The defendant understands that the penalties

set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2. Pursuant to Title 18, United States Code, Section 3663(a)(3), the parties agree that the Court shall require restitution for the full amount of the victim's losses as defined in 18 U.S.C. Section 2259 to be paid to the parents or guardian of the victim as part of the defendant's sentence.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to two years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in paragraph 1 of this agreement.

4. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is

employed; and where the defendant is a student. The defendant understands the requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II. ELEMENTS AND FACTUAL BASIS

5. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

> the defendant knowingly persuaded an individual to travel in interstate commerce to engage in sexual activity for which any person could be charged with a criminal offense.

6. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

> Between October 2006 and January 2007, in the Western District of New York, the defendant, TERRY L. FINN, did knowingly persuade a minor to travel in interstate commerce to engage in sexual activity for which he could be charged with a criminal offense.
>
> While in the Western District of New York, the defendant communicated via a computer and telephone with the minor, who was located in Vermont, to encourage, persuade, induce and entice the minor to travel from Vermont to the Western District of New York to engage in sexual activity.
>
> In November of 2006, the defendant sent the minor $50 to be used for purchasing a bus ticket so she could travel from Vermont to Western New York to meet him and engage in a sexual relationship. When the minor's parents learned about this, they notified the police, and the minor was located on a bus which was traveling to the Western New York, and she was returned to her home in Vermont. Once back in Vermont, the defendant and the minor continued to communicate using the computer and cell phone. On or about January 26, 2006/7, the minor traveled from Vermont to the Western District of New York and engaged in sexual intercourse with the defendant.
>
> Between September 2006 and January 2007, the defendant asked the minor to send him, via the computer, nude images of herself. The defendant received approximately 20 nude images of the minor which included pictures of the minor's chest and vaginal area.
>
> The defendant was 43 years old and the minor was 16 years old.

Under the New York Penal Law, it is a crime for a 43 year old to engage in sexual activity with a 16 year old.

### III. SENTENCING GUIDELINES

7. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

8. The government and the defendant agree that Guidelines Section 2G1.3(a) applies to the offense of conviction and provides for a base offense level of **24**.

### SPECIFIC OFFENSE CHARACTERISTICS
### USSG CHAPTER 2 ADJUSTMENTS

9. The government and the defendant agree that the following specific offense characteristics apply:

> (a) the **two** level increase pursuant to Guidelines Section 2G1.3(b)(1) (the minor was in the custody, care, or supervisory control of the defendant);
>
> (b) the **two** level increase pursuant to Guidelines Section 2G1.3(b)(3) (the offense involved the use of a computer to persuade, induce, entice or coerce the travel of a minor to engage in prohibited sexual activity);
>
> (c) the **two** level increase pursuant to Guidelines Section 2G1.3(b)(4) (the offense

involved the commission of a sex act or sexual contact).

## ADJUSTED OFFENSE LEVEL

10. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **30**.

## ACCEPTANCE OF RESPONSIBILITY

11. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines Section 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines Section 3E1.1(b), which would result in a total offense level of **27**.

## CRIMINAL HISTORY CATEGORY

12. It is the understanding of the government and the defendant that the defendant's criminal history category is **II**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

13. It is the understanding of the government and the defendant that, with a total offense level of **27** and criminal history category of **II**, and pursuant to Sentencing Guidelines Section 5G1.1(b), the defendant's sentencing range would be a term of imprisonment of **78 months - 97 months** of imprisonment, a fine of **$12,500 to $125,000**, and pursuant to Title 18, United States Code, Section 3583(k) and Sentencing Guidelines Section 5D1.2(a)(1) and (b)(2), a term of supervised release of at least five years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in paragraph 1 of this agreement.

14. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

16. The government and defendant agree that, as the defendant is presently serving an undischarged term of imprisonment, and that the conduct underlying that offense is accounted for as relevant conduct to the instant offense, pursuant to U.S.S.G. § 5G1.3(b)(2) the sentence for the instant offense is recommended to be imposed concurrently to the remainder of the undischarged term of imprisonment. The defendant understands, however, that the Court is not bound to sentence the defendant concurrently with the undischarged term of imprisonment.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other

criminal offense involving or related to the possession, receipt or distribution of child pornography which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

>a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;
>
>b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and
>
>c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 07-M-2162.

## VI. WAIVER OF RIGHT TO POST CONVICTION DNA TESTING OF PHYSICAL EVIDENCE

20. The defendant fully understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, fine and supervised release set forth in Section III, paragraph 13, above.

22. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in

the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, fine and supervised release set forth in Section III, paragraph 13, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. FORFEITURE PROVISIONS

### COMPUTER FORFEITURE

24. The defendant specifically acknowledges that in furtherance of his criminal conduct he utilized computer equipment previously shipped in interstate commerce and he also utilized a Gateway computer, a thumb drive, disk drive and disks. The defendant's computer and other media which were seized by the law enforcement officials based upon search. Since the computer and related media seized were instrumentalities of the crime, the defendant specifically agrees to the forfeiture or abandonment of the computer and all the components and related media to the Federal Bureau of Investigation, and he waives any rights or

interest in those items which he may still possess or for which he may have any claim. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the property referred to in this paragraph. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rule 32.2 of the Federal Rules of Criminal Procedure with respect to the forfeiture of the above property and any other applicable federal law, with respect to the forfeiture or abandonment of this property.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

25. This plea agreement represents the total agreement between the defendant, TERRY L. FINN, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TERRANCE P. FLYNN
United States Attorney
Western District of New York

BY: *Marie P. Grisanti*
MARIE P. GRISANTI
Assistant U. S. Attorney

Dated: May 16, 2008

I have read this agreement, which consists of 13 pages. I have had a full opportunity to discuss this agreement with my attorney, Kimberly A. Schechter, AFPD. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
TERRY L. FINN, Defendant

Dated: May 16, 2008

_____
KIMBERLY A. SCHECHTER, AFPD
Attorney for the Defendant

Dated: May 16, 2008